**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

AUG 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCEL OUEDRAOGO, AKA Ken Marcus, AKA Arthur Ouedera, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-75034 <br><br> Agency No. A098-157-333 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 3, 2010[**]
Seattle, Washington

Before: CANBY, THOMPSON and BERZON, Circuit Judges.

Marcel Ouedraogo ("Ouedraogo"), a native and citizen of Burkina Faso,

petitions for review of the Board of Immigration Appeals ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") order denying asylum, withholding

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the BIA expressly adopted the IJ's decision, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), but also provided its own review of the evidence and the law, we review both the IJ and the BIA's decision. *Hosseini v. Gonzales,* 471 F.3d 953, 957 (9th Cir. 2006). We review findings of fact and credibility determinations for substantial evidence. *Abebe v. Gonzales*, 432 F.3d 1037, 1039-40 (9th Cir. 2005) (en banc).

Substantial evidence supports the agency's adverse credibility determination based on the numerous inconsistencies regarding the timing, circumstances and details of Ouedraogo's alleged arrests, persecution, and anti-government activities. *Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007). These inconsistencies go to the heart of his claim. *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir. 2004).

Substantial evidence also supports the agency's adverse credibility determination based on Ouedraogo's omissions, and inconsistent testimony, regarding the alleged custodial abuse and rape he suffered while arrested. *Kin v. Holder,* 595 F.3d 1050, 1056-57 (9th Cir. 2010). In addition, Ouedraogo's failure to provide evidence corroborating his claim supports the agency's adverse credibility determination. *Sidhu v. INS*, 220 F.3d 1085, 1090-91 (9th Cir. 2000).

2

His international travels followed by voluntary returns to Burkina Faso also cast doubt on the credibility of his claims of fear of persecution. In the absence of credible testimony, Ouedraogo's asylum and withholding of removal claims fail. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We need not reach Ouedraogo's contention that he is eligible for relief under the CAT because he failed to exhaust that claim before the BIA. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). In any event, Ouedraogo's CAT claim fails because it is based on the same testimony the agency found not credible, and Ouedraogo points to no other evidence that shows it is more likely than not he will be tortured if he returns to Burkina Faso. *Farah*, 348 F.3d at 1156-57.

**PETITION DENIED.**